**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 01-10797**
**Summary Calendar**
_____

**STEPHEN JAMES LARREW,**

**Plaintiff-Appellant,**

**VERSUS**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

(3:01-CV-350-M)

January 3, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In October 1998, the Internal Revenue Service filed in the records of the clerk's office of Dallas County, Texas, a Notice of Federal Tax Lien against property and rights to property owned by Stephen James Larrew (hereinafter plaintiff). The tax lien notice stated that assessments of federal income taxes had been made in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997 against plaintiff for his 1987 through 1995 tax years and that the unpaid balance of the assessment was $349,935.43. In January 2001, plaintiff filed in the state district court for Dallas County, Texas, a suit against United States of America (hereinafter defendant) alleging that the tax notice was fraudulent under Texas law and that it should not be accorded lien status. In February 2001, the defendant removed the case to the United States District Court for the Northern District of Texas asserting jurisdiction in the federal district court on the grounds of federal question. Plaintiff moved to remand the case to the state district court which was denied by the United States District Court. The defendant moved for summary judgment which was granted by the federal district court. Plaintiff timely appeals.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district court in its Order filed under date of June 11, 2001, we affirm the Judgment of the district court granting summary judgment in favor of defendant.

**AFFIRMED.**